# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**BRIAN SIMPKINS**                                                                                    **PLAINTIFF**

V.                                    No. 2:21-cv-00061-BSM-ERE

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security Administration**                       **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.      Introduction:**

On September 19, 2018, Brain Simpkins filed a Title II application for a period of disability and disability insurance benefits. *Tr. 11*. In the application, Mr. Simpkins alleged disability beginning on May 10, 2016. *Id*. In an October 19, 2020 written decision, an administrative law judge ("ALJ") found that Mr. Simpkins was not disabled. *Tr. 11-20.* On April 12, 2021, the Appeals Council denied Mr.

Simpkins' request for review, making the ALJ's denial of benefits the Commissioner's final decision. *Tr. at 1-4*. Mr. Simpkins has requested judicial review.

For the reasons stated below, the Court should affirm the Commissioner's decision.

## II.   THE ALJ's DECISION[1]

The ALJ found that Mr. Simpkins, who was forty-three years old on the alleged onset date, had not engaged in substantial gainful activity since May 10, 2016. *Tr. 14, 19*. At step two, the ALJ determined that Mr. Simpkins has the following severe impairments: hypertension, diabetes mellitus, diabetic polyneuropathy, and obesity. *Id*.

The ALJ found that Mr. Simpkins did not have an impairment of combination of impairments meeting or medically equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 14-15*. Next, the ALJ determined that Mr. Simpkins had the residual functional capacity ("RFC") to perform light work, with the

---

[1] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

following limitations: (1) no more than frequent handling and fingering duties; and (2) no lower extremity foot control operation duties. *Tr. 15*.

At step four, the ALJ found that Mr. Simpkins could not perform any of his past relevant work. *Tr. 18*. The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Mr. Simpkins' age, education, work experience, and RFC, significant numbers of jobs existed in the national economy that he could perform, such as dispatcher, merchandise marker, and small products assembler. *Tr. 19-20*. Therefore, the ALJ found that Mr. Simpkins was not disabled. *Id*.

## III.  DISCUSSION

### A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

### B.  Mr. Simpkins' Arguments for Reversal

Mr. Simpkins contends that there is not substantial evidence supporting the ALJ's decision. He argues that the ALJ: (1) did not properly consider medical evidence from Ghulam Khaleel, M.D.; (2) did not properly evaluate Mr. Simpkins' credibility; (3) should have found headaches, depression, and back pain to be severe impairments at step two; and (4) posed a hypothetical to the VE did not fully incorporate Mr. Simpkins' credible limitations. *Doc. 13*.

#### 1.  Evidence from Dr. Khaleel

After the hearing, Mr. Simpkins submitted evidence from 2020 from Dr. Ghulam Khaleel, to support his position that his headaches and degenerative disc disease were disabling. *Tr. 51-57*. However, on numerous occasions before 2020, Mr. Simpkins denied headaches. *Tr. 388, 391, 527*. Neurological examinations were

4

grossly normal. Additionally, Mr. Simpkins told Dr. Khaleel that his headache intensity was a 5 out of 10. *Tr. 51*. Dr. Khaleel attributed his problems to "poor sleep hygiene." *Tr. 53*.

Dr. Khaleel diagnosed degenerative disc disease in his 2020 notes, and suggested that Mr. Simpkins could not perform gainful activity due to his medical problems. However, other records from the relevant time period did not show regular treatment for his back problems. Moreover, Dr. Khaleel recommended that Mr. Simpkins (who is obese) improve his diet, lose weight, and go to bed on time to improve his health. *Tr. 56*. Other providers suggested the same. *Tr. 15-18, 201, 522, 526, 528, 562-563*. "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Although the ALJ did not discuss Dr. Khaleel's notes, this was not error, because the remainder of the evidence did not show that Mr. Simpkins was nearly as limited as Dr. Khaleel suggested.

### 2. Analyzing credibility[2]

Mr. Simpkins asserts that the ALJ did not properly discuss his credibility. To the contrary, the ALJ questioned Mr. Simpkins about his work history, as well as his daily activities. *Tr. 28-39*. Mr. Simpkins said he attends to personal care, helps with chores, takes his granddaughter to school, and leaves the house to visit with family. *Tr. 38-49, 234-238*. He also worked part-time as a barber during the relevant time-period. *Tr. 31*. The ALJ properly discussed these factors in his decision. *Tr. 13-15*.

The ALJ also discussed the location and nature of Mr. Simpkins' pain, as well as his prescription medications and their side effects. *Tr. 15-16*. Additionally, Mr. Simpkins testified that he experienced benefit from blood pressure and diabetes medicine. *Tr. 36.* The ALJ properly concluded that Mr. Simpkins' claims of disability were inconsistent with the record as a whole. *Tr. 16*.

---

[2] Social Security Ruling 16-3p removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. 2016 SSR LEXIS 4 ("SSR 16-3p"); 20 C.F.R. §§ 404.1527, 404.927. SSR 16-3p requires that ALJ consider the familiar *Polaski* factors, such as a claimant's work history, his daily activities; the nature, duration, frequency and intensity of his symptoms; precipitating and aggravating factors; and the type of medication and other treatment or measures used for the relief of pain and other symptoms). *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

### 3. Step Two determination[3]

Mr. Simpkins asserts that headaches, depression, and degenerative disc disease should have been ruled severe impartments at step two. As noted above, Mr. Simpkins routinely denied he had headaches. He also admitted that he neither sought specialized psychiatric care for symptoms of depression, nor took any psychiatric medications. *Tr. 35*. Additionally, he acknowledged he could perform daily activities, including work standing on his feet as a barber, all of which undermine his claim that he suffered from disabling back pain. The ALJ properly assessed these claims at step two.

### 4. Hypothetical posed to the VE[4]

At step five, the ALJ posed a hypothetical to the VE incorporating all of Mr. Simpkins' credible limitations. He based it on the medical evidence, factoring in the lack of aggressive treatment for hypertension, diabetes mellitus, or diabetic

---

[3] Step two involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id*. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). The claimant has the burden of proving that an impairment is severe. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

[4] The ALJ may meet his burden at step five by eliciting testimony by a VE in response to "a properly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). A hypothetical question need only include those impairment and limitations found credible by the ALJ. *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005). VE testimony constitutes substantial evidence when, as here, it is in response to a hypothetical that captures all the concrete consequences of a claimant's impairments. *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011).

neuropathy, as well as generally normal musculoskeletal examinations. *Tr. 16-18*. Mr. Simpkins admitted that he did not always check his blood pressure as suggested by doctors, and he did not follow his doctors' strong suggestions to follow a healthy diet, exercise, and lose weight. *Tr. 522, 526, 528, 562-563*. The hypothetical question properly included only those restrictions supported by the record.

## VI. CONCLUSION

For the reasons discussed above, the Court finds that the ALJ applied proper legal standards in evaluating Mr. Simpkins' claims and substantial evidence supports the decision to deny benefits. The Court further finds that Ms. Simpkins' remaining arguments are without merit.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

IT IS SO ORDERED this 12th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE